## AARON W. HALL *et al.*

### *v.*

## JOHN L. BEVERIDGE, Governor, etc.

COUNTY BOARD—*power to fix salary of county officers.* Full power is given to county boards to fix the compensation of county officers, and the sums named in section 10, article 10, of the constitution, in respect to the several classes of counties, is the maximum, and not the minimum. The board in a county having a population exceeding 30,000 and under 50,000, may lawfully fix the salary of the clerk of the circuit court at $1500, and that officer must pay all fees received in excess of that sum and certain other lawful disbursements, into the county treasury.

APPEAL from the Circuit Court of Stephenson county; the Hon. WILLIAM BROWN, Judge, presiding.

This was an action of debt, brought in the name of the Governor of the State, for the use of the people of the State of Illinois, upon the official bond of Hall, clerk of the circuit court of Stephenson county.

Mr. J. M. BAILEY, and Mr. J. I. NEFF, for the appellants.

Mr. J. S. COCHRAN, and Mr. E. P. BARTON, for the Governor.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action brought upon the official bond of the clerk of the circuit court of Stephenson county, against Aaron W. Hall, the clerk, and the sureties upon his bond.

The breach assigned was, a failure to pay over a portion of the moneys received by him as fees, in excess of certain lawful disbursements and of the sum of $1500, which amount had been fixed by the board of supervisors of that county as the salary of that office.

The bond was executed on the 20th day of November, 1872, and approved and filed November 27th, 1872.

On the 7th of November, 1872, the board of supervisors of that county fixed the amount of the salary of the clerk. The term of the circuit clerk, as alleged in the declaration, began on the first Monday of December, 1872.

To this action defendant pleaded that, at the time of such fixing of his salary, the county contained more than 30,000 inhabitants and not exceeding 50,000 inhabitants, and has so since continued, and that the board had no lawful authority to fix the salary at less than $2000, and hence the action of the board was void.

To this plea the plaintiff demurred. The court sustained the demurrer to the plea, and gave judgment for the plaintiff, and defendants appeal.

It is insisted that, by the proper construction of section 10 of article 10 of the constitution of 1870, a minimum of $2000 is fixed for the clerk of counties having more than 30,000 inhabitants, and not exceeding 50,000.

The section referred to is in these words: "The county board, except as provided in section 9 of this article, shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses; and in all cases where fees are provided for, said compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected. They shall not allow either of them more, per annum, that $1500 in counties not exceeding 20,000 inhabitants; $2000 in counties containing 20,000 and not exceeding 30,000 inhabitants; $2500 in counties containing 30,-000 and not exceeding 50,000 inhabitants; $3000 in counties containing 50,000 and not exceeding 70,000 inhabitants; $3500 in counties containing 70,000 and not exceeding 100,000 in-

9—81ST ILL.

habitants, and $4000 in counties containing over 100,000 and not exceeding 250,000 inhabitants; and not more than $1000 additional compensation for each additional 100,000 inhabitants: *Provided,* that the compensation of no officer shall be increased or diminished during his term of office. All fees or allowances by them received, in excess of their said compensation, shall be paid into the county treasury."

No minimum is imposed by the express words of the section, and we find nothing in the section from which it can properly be regarded as implied. Full power to fix the compensation of county officers is given to the county board, with certain limitations expressed in the section. We find nothing in these limitations forbidding the fixing of the salary of this clerk at $1500.

The demurrer was properly sustained. The judgment must be affirmed.

*Judgment affirmed.*